IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EULA LAMAR, | ) | |
| | ) | **PUBLISH** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 12-0552-WS-C |
| | ) | |
| THE HOME DEPOT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on the plaintiff's motion to remand. (Doc. 10). The parties have filed numerous briefs concerning the propriety of removal, (Docs. 1, 5-7, 10, 15-17), and the motion is ripe for resolution. After careful consideration, the Court concludes that the motion to remand is due to be granted in part and denied in part.

**BACKGROUND**

The defendants removed on the basis of diversity of citizenship. The complaint contains four counts. Count One is brought under the Alabama Worker's Compensation Act for medical benefits. Counts Two, Three and Four are brought under Alabama common law for breach of contract, fraud and outrageous conduct.[1] The parties agree that removal of the worker's compensation claim is barred by 28 U.S.C. § 1445(c) and that this claim must be remanded. The question is whether the remaining claims must also be remanded.

---

[1] All parties agree with this characterization of the claims. (Doc. 5 at 1; Doc. 6 at 2; Doc. 7 at 1).

**DISCUSSION**

"Except as otherwise provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants …." 28 U.S.C. § 1441(a).  However, "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." *Id*. § 1445(c).  As the parties agree, Count One "aris[es] under the workmen's compensation laws of" Alabama but the remaining counts do not.[2]  The plaintiff's motion thus requires consideration of the interplay between the two quoted statutory provisions.

The only published decision of the Eleventh Circuit known to have addressed the scope of a remand under Section 1445(c) is *Reed v. Heil Co*., 206 F.3d 1055 (11th Cir. 2000).  The plaintiff in *Reed* brought in state court a claim for retaliatory discharge under the Alabama worker's compensation statute ("Section 25-5-11.1"), which the Court held to be a claim "arising under" the worker's compensation laws for purposes of Section 1445(c).  *Id*. at 1060.  The plaintiff also brought a claim under the Americans with Disabilities Act ("ADA").[3]  The defendant removed based on the ADA claim "and possible diversity of citizenship as well." *Id*. at 1058.  The plaintiff sought remand of the entire case, *id*., but the lower court retained the case and granted summary judgment to the defendant on all claims.  *Id*.

---

[2] *See, e.g., Raye v. Employer's Insurance of Wausau*, 345 F. Supp. 2d 1313, 1316 (S.D. Ala. 2004) ("[S]tate causes of action that are creatures of the common law do not 'arise under' the worker's compensation laws."); *accord Hernandez v. Gregory Land Development II, LLC*, 2009 WL 3334322 at *1 (S.D. Fla. 2009); *Moore v. CNA Foundation*, 472 F. Supp. 2d 1327, 1331 n. * (M.D. Ala. 2007).

[3] It appears that the plaintiff may also have brought other state-law claims, not falling within Section 1445(c).  *See Reed*, 206 F.3d at 1056-57 ("Reed brought suit in Alabama state court alleging that his termination constituted a breach of contract and violated both [Section 25-5-11.1] and the ADA."); *id*. at 1058 (the plaintiff "alleg[ed] a violation of the ADA and state law claims, including retaliatory discharge in violation of [Section 25-5-11.1]").  The *Reed* Court did not address these claims, and they do not appear to have impacted its analysis.

On appeal, the plaintiff argued that Section 1445(c) precluded jurisdiction over the worker's compensation claim. 206 F.3d at 1058. The Eleventh Circuit concluded that the trial court lacked subject matter jurisdiction over the worker's compensation claim and that this claim therefore "must be remanded to state court." 206 F.3d at 1061.[4] The Court then proceeded to address the merits of the ADA claim, without separate

---

[4] Under Section 1447(c), any objection to removal "other than lack of subject matter jurisdiction" is waived if not raised within 30 days after removal. Apparently every other Circuit to have addressed the issue has concluded that Section 1445(c) does not impact subject matter jurisdiction, such that objections under that section can be waived by delayed assertion. *See Belyea v. Florida Department of Revenue*, 859 F. Supp. 2d 1272, 1274-75 (N.D. Fla. 2012) (collecting cases). Because there is no indication that the *Reed* plaintiff first asserted Section 1445(c) more than 30 days after removal, *see* 206 F.3d at 1058, this portion of *Reed* is likely dicta, not holding.

The issue was squarely presented to the Eleventh Circuit in *Alansari v. Tropic Star Seafood Inc.*, 388 Fed. Appx. 902 (11th Cir. 2010), where the plaintiff sought remand more than 30 days after removal. *Id*. at 905-06. The Court engaged in no independent analysis but simply assumed that *Reed* had already resolved that Section 1445(c) goes to subject matter jurisdiction, such that the plaintiff's delay was immaterial. *Id*. *Alansari* represents a holding, but "[u]npublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Construction, Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007). With no independent analysis but only an unexplained assumption that *Reed* had already so held, *Alansari* is not particularly persuasive.

The Eleventh Circuit in *New v. Sports & Recreation, Inc.*, 114 F.3d 1092 (11th Cir. 1997), announced that "Section 1445(c) is a jurisdictional-based limitation on the district court's removal power," *id*. at 1097, a statement it characterized as a "hold[ing]." *Id*. at 1095 n.5. This characterization is doubtful, since the only issue before the *New* Court was whether a remand based on Section 1445(c) is immune from review under Section 1447(d), and such review is precluded even if remand under Section 1445(c) is based on a procedural defect, as the *New* Court recognized. *Id*. at 1097 n.7.

In sum, the Eleventh Circuit has thrice indicated that Section 1445(c) impacts subject matter jurisdiction, but two of the statements are dicta and the third appears in an unpublished opinion. Moreover, none of the three provides any analysis in support of its conclusion, nor any explanation why Section 1445(c) should be considered jurisdictional when Section 1441(b)(2)'s prohibition on removal by resident defendants is not. *See generally Courtney v. BLP Mobile Paint Manufacturing Co.*, 2012 WL 5869120 at *2 (S.D. Ala. 2012) (citing three Eleventh Circuit cases stating, in dicta, that Section 1441(b)(2) is not jurisdictional); *see also Cogdell v. Wyeth*, 366 F.3d 1245, 1248 (11th Cir. 2004) (distinguishing removal jurisdiction from subject matter jurisdiction). Because the plaintiff moved to remand within 30 days of removal, it is unnecessary for the Court to resolve the issue.

explanation why it was not remanding that claim as well. *Id*. Earlier portions of the opinion, however, reflect the Court's reasoning.

In its preliminary statement summarizing its decision, the *Reed* Court said:

> Because we conclude that claims brought pursuant to Alabama's statute barring retaliation for the filing of workers' compensation claims do arise under that state's workers' compensation laws, the district court lacked jurisdiction to entertain Reed's retaliatory discharge claim. Reed's ADA claim, however, was properly before the district court.

206 F.3d at 1057. Thus, the ADA claim remained in federal court because it was properly removed there.

The Court later explained the mechanism by which the ADA claim was properly removed:

> Defendants can remove civil actions over which the federal courts would have had original jurisdiction. *See* 28 U.S.C. § 1441(a). The federal district court would have had original jurisdiction over Reed's ADA claim because it arose under federal law. *See* 28 U.S.C. § 1331. In addition, federal courts can exercise supplemental jurisdiction over state law claims that form part of the same case or controversy as the claim with original federal jurisdiction. *See* 28 U.S.C. § 1367(a); *see also* 28 U.S.C. § 1441(c).
>
> A few actions, however, cannot be removed from state to federal court. Specifically, 28 U.S.C. § 1445(c) bars the removal of claims from state court "arising under the workmen's compensation laws" of the forum state.

*Id*. at 1058. It is clear from the quoted material that the Court construed the ADA claim as properly removed under Section 1441(a). The inclusion of a non-removable worker's compensation claim in the same lawsuit did not render removal of the action improper under either that statute or Section 1445(c). Instead, the presence of the worker's compensation claim triggered Section 1445(c) as to only that claim and required remand of only that claim. Thus, "the limits on federal jurisdiction imposed by 28 U.S.C. § 1445(c)" served only to require that the worker's compensation claim "must be remanded to state court." *Id*. at 1056, 1061.

4

It is important to note that the *Reed* Court did not base the propriety of removing and retaining the ADA claim on Section 1441(c).[5]  It is plain from the previous quotation that the *Reed* Court relied instead on Section 1441(a) to justify removal and retention of the federal claim.  Although the Court also cited Section 1441(c), it did so only in the course of listing the different ways that removed state law claims unsupported by diversity can be properly retained in federal court.

Moreover, Section 1441(c) could have been in play in *Reed* only if the federal claim was "separate and independent" from the state claim.  *See* note 5, *supra*.  "Where both federal and state causes of actions are asserted as a result of a single wrong based on a common event or transaction, no separate and independent federal claim exists under section 1441(c)."  *In re:  City of Mobile*, 75 F.3d 605, 608 (11th Cir. 1996).  Section 1441(c) was not in play in *Reed*, because both his worker's compensation retaliation claim and his ADA claim were based on a single event – his termination.  *See* note 3, *supra*.  Since Section 1441(c) was not implicated, the *Reed* Court could not have relied on it sub silentio.

Some courts have determined that the retention of a federal claim despite remand of the worker's compensation claim under Section 1445(c) can be justified under Section 1441(c), and the Court agrees.[6]  But if retention of the federal claim depends on Section 1441(c) rather than on Section 1441(a), then a different rationale must be found for retaining a state claim despite remand of a worker's compensation claim, since Section

---

[5] As it existed at the time *Reed* was decided, Section 1441(c) provided as follows: "Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates."

[6] As discussed in text, this was true under the former version of Section 1441(c) only if the federal claim was separate and independent from the state claim.  Under the recently revised version of Section 1441(c), removal of an action is allowed any time the case contains both a claim under Section 1331 and a claim made non-removable by statute (or that is not within the federal courts' original or supplemental jurisdiction), with the non-removable claim to be severed and remanded.

1441(c) is triggered only by a federal question under Section 1331 and not by diversity of citizenship under Section 1332. As noted, however, the *Reed* Court based the propriety of removing and retaining the ADA claim on Section 1441(a), not Section 1441(c).

"[T]he holding of a case is … comprised both of the result of the case and those portions of the opinion necessary to that result by which we are bound." *United States v. Kaley*, 579 F.3d 1246, 1253 n.10 (11th Cir. 2009) (internal quotes omitted). The result of *Reed* was retention of the federal claim despite remand of the worker's compensation claim. Necessary to this result was the conclusion that the federal claim was properly removed, and necessary to the conclusion that the federal claim was properly removed was an identification of a legal basis for proper removal. Thus, the *Reed* Court's identification of Section 1441(a) as the source of proper removal of the federal claim and for retention of that claim despite remand of the worker's compensation claim constitutes a holding.

Section 1441(a) authorizes removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Section 1332(a) furnishes "original jurisdiction" over diversity actions with a threshold amount in controversy, so removal of a diversity action is accomplished through Section 1441(a). *E.g., Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1204 (11th Cir. 2008). This case was removed based on diversity jurisdiction, and therefore removal was proper under Section 1441(a).[7] Because *Reed* holds that, when removal is properly accomplished under Section 1441(a), the federal court is to remand the worker's compensation claim and retain the properly removed claims, it forecloses remand of the plaintiff's state law claims.

As the plaintiff points out, a number of trial courts have ruled that, when the worker's compensation claim is paired with no federal claim but with only state law

---

[7] As the removal papers make plain, the parties are completely diverse and the amount in controversy exceeds $75,000.

claims, remand of the entire action is required.[8]  As only one of these cases originated within the Eleventh Circuit so as to be subject to *Reed*, the Court pays it special attention.

In *Bryant v. Wausau Underwriters*, 2008 WL 1808325 (M.D. Ala. 2008), the Court concluded that "*Reed* can not be interpreted as authority for severing and remanding worker's compensation claims in cases that are removed under § 1332 (diversity) because *Reed* involved a case removed under § 1331 (federal question)." *Id*. at *2.  The question, however, is not whether the founts of original jurisdiction are the same but whether the removal vehicle is the same.  As noted above, *Reed*'s analysis is grounded in the removal vehicle of Section 1441(a), not in the jurisdictional fount of Section 1331.  Because Section 1441(a) applies to removals based on Section 1332 just as surely as it applies to removals based on Section 1331, *Reed* applies equally in the diversity context.

The *Bryant* Court next noted that, while Section 1441(c) as it then existed supplied special provisions when a federal claim is paired with a "separate and independent" non-removable claim, there is no analog applicable to removable state law claims paired with a non-removable claim.  2008 WL 1808325 at *2.  This is correct but, as discussed above, *Reed* is not based on Section 1441(c) but on Section 1441(a).

Finally, the *Bryant* Court believed that "'[p]ermitting [the] defendant to remove this action under § 1441(a) in anticipation of a remand of the nonremovable workers' compensation claim would be tantamount to permitting piecemeal removal in diversity cases, which Congress has prohibited.'"  2008 WL 1808325 at *2 (quoting *Wilson v. Lowe's Home Center, Inc.*, 401 F. Supp. 2d 186, 197 (D. Conn. 2005)).  As an initial matter, it does not appear that "piecemeal removal" is at issue when an entire case is

---

[8] *See Carey v. Bank of America*, __ F. Supp. 2d __, 2012 WL 5503838 at *2-3 (N.D. Tex. 2012); *Escobedo v. Time Warner Entertainment Advance Newhouse Partnership*, 811 F. Supp. 2d 1289, 1294 (W.D. Tex. 2011); *Burris v. Zale Delaware, Inc.*, 2009 WL 3762987 at *3 (W.D. Mo. 2009); *Bryant v. Wausau Underwriters Insurance Co.*, 2008 WL 1808325 at *2 (M.D. Ala. 2008); *Horn v. Kmart Corporation*, 2007 WL 1138473 at *5 (S.D. Ohio 2007); *Wilson v. Lowe's Home Center, Inc.*, 401 F. Supp. 2d 186, 197 (D. Conn. 2005); *Husk v. E.I. DuPont de Nemours & Co.*, 842 F. Supp. 895, 898 (S.D.W. Va. 1994).

removed and a portion of it remanded, under Section 1445(c) or for any other reason. According to the secondary authority on which the *Wilson* Court relied, "piecemeal removal" denotes "removal of parts of cases," not the removal of an entire case, parts of which may thereafter be remanded.[9] This is also the meaning assigned the phrase by the few federal courts employing it.[10]

At any rate, the secondary authority on which the *Wilson* Court relied pegs the elimination of piecemeal removal to 1948 amendments to Section 1441(c) ending piecemeal removal in *all* cases, federal question as well as diversity.[11] If retaining removable claims while remanding a non-removable worker's compensation claim constitutes "piecemeal removal," then *Reed* has already blessed the practice. And since it did so based on Section 1441(a), which applies equally to removals based on diversity, it necessarily blessed such a practice in the diversity context.[12]

The question here is not whether permitting partial remands under Section 1445(c) is good policy, or even whether it represents a faithful reading of the governing statutes. The threshold questions for the Court are whether the Eleventh Circuit has already resolved the issue of partial versus total remand and whether it has done so on grounds

---

[9] Edward Hartnett, A New Trick from an Old and Abused Dog: Section 1441(c) Lives and Now Permits the Remand of Federal Question Cases, 63 Fordham L. Rev. 1099, 1103 (1995).

[10] *See Archuleta v. Lacuesta*, 131 F.3d 1359, 1370 (10th Cir. 1997) (quoting lower court decision); *Alko Jewelry Manufacturing Corp. v. Lloyd's of London*, 1993 WL 51299 at *1 (9th Cir. 1993); *In re: Pikeville School Bus Collision Cases*, 2011 WL 6752654 at *4 (E.D. Ky. 2011); *Allen v. Pataki*, 207 F. Supp. 2d 126, 127 (S.D.N.Y. 2002); *Salei v. Boardwalk Regency Corp.*, 913 F. Supp. 993, 1012 (E.D. Mich. 1996); *University of Chicago Hospitals & Clinics v. Olson*, 1988 WL 9051 at *1 (N.D. Ill. 1988); *Killian v. Union L.P. Gas System, Inc.*, 568 F. Supp. 679, 680 (W.D. Mo. 1983).

[11] Hartnett, *supra* note 9, at 1132.

[12] The *Wilson* Court itself recognized that "the language of §§ 1441(a) and 1445(c) draws no distinction between federal question and diversity cases." 401 F. Supp. 2d at 197 n.13. The *Wilson* Court used this point to argue that partial remand should be impermissible in the federal question context because (it ruled) it is impermissible in the diversity context, but in this Circuit the result is the opposite: the acknowledged propriety of partial remand in the federal question context under *Reed* compels the propriety of partial remand in the diversity context.

that must apply to removals based on diversity.  As discussed above, the answers to these questions are in the affirmative.  The Court is thus bound by *Reed* to remand only the plaintiff's worker's compensation claim.

Although no defense of *Reed* is needed (since it is controlling in any event), it is worth noting that partial remands are not unique to the Section 1445(c) situation.  Under Section 1441(a), the presence of a single claim as to which the federal courts have original jurisdiction constitutes the state lawsuit a "civil action" removable in its entirety under that statute; the presence of additional claims as to which the federal courts lack original jurisdiction is irrelevant.  *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 166 (1997); *accord Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 562-63 (2005).[13]  In this situation, the entire case is removable, but Section 1367 "applies with equal force to cases removed to federal court."  *College of Surgeons*, 522 U.S. at 165.  Thus, any additional claim that is not part of the same case or controversy as the claim over which the federal court has original jurisdiction must be remanded under Section 1367(a), and any claim surviving that round of inquiry may be remanded on certain specified grounds under Section 1367(d), even though other parts of the case remain in federal court.

The plaintiff argues that, even if remand of the entire action is not required by statute, her tort claims should be severed from her worker's compensation claim pursuant to Rule 21 and, having been severed, be remanded.  (Doc. 7 at 5).  It is not apparent how severance could render appropriate a remand of the tort claims, and the plaintiff does not offer to explain her theory.

Finally, the plaintiff suggests that remand of the entire action should be ordered in the interests of judicial economy, since her tort claims are "related to" her worker's

---

[13] The *Wilson* Court, overlooking this line of authority, incorrectly concluded that, "in the context of the removal statutes, 'civil action' should be interpreted to refer to an entire case, rather than individual claims," such that "an action containing a claim outside the original jurisdiction of the district court is not removable under this section [Section 1441(a)], even if the action contains other claims within the district court's original jurisdiction."  401 F. Supp. 2d at 193 & n.7.

compensation claim.  (Doc. 7 at 5).  Several lower courts have indicated that judicial economy supports remand of removable claims along with a non-removable worker's compensation claim.[14]  The problem, at least in this Circuit, is that *Reed* holds that a non-worker's compensation claim properly removed under Section 1441(a) is not subject to remand under Section 1445(c).  When, as here, a claim has been properly removed and is not subject to remand under the governing statutes, it cannot be remanded on the grounds that judicial economy will be served thereby.  *In re:  City of Mobile*, 75 F.3d at 607-08 (a properly removed federal claim could not be remanded along with state claims as to which there was no diversity jurisdiction, even though that might serve judicial economy, where Section 1367(c) did not permit such remand; "'[W]e are not convinced that Congress ever intended to extend carte blanche authority to district courts to revise the federal statutes governing removal by remanding cases on grounds that seem justifiable to them but which are not recognized by the controlling statute.'") (quoting *Thermtron Products v. Hermansdorfer*, 423 U.S. 336, 351 (1976)).

## CONCLUSION

For the reasons set forth above, the plaintiff's motion to remand is **granted** with respect to Count One and **denied** with respect to Counts Two, Three and Four.  Count One is hereby **remanded** to the Circuit Court of Mobile County.

DONE and ORDERED this 3rd day of December, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[14] *E.g., Wilson*, 401 F. Supp. at 196; *Burris*, 2009 WL 3762987 at *3; *Horn*, 2007 WL 1138473 at *5; *Hummel v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 749 F. Supp. 1023, 1030 (D. Haw. 1990).